UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 3:19CR167(VLB) |
| v. | |
| TERRANCE SAUNDERS | November 4, 2019 |

**GOVERNMENT'S AMENDED MEMORANDUM IN AID OF SENTENCING**

The United States respectfully submits this memorandum for the sentencing of the defendant Terrance Saunders, currently scheduled for November 22, 2019.

**I.     INTRODUCTION AND BACKGROUND**

On June 24, 2019, the defendant pled guilty to one count of possession with intent to distribute and distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C).

**II.    FACTS AND CIRCUMSTANCES OF DEFENDANTS' CONDUCT**

The defendant faces a total maximum penalty of twenty years' imprisonment, a $1,000,000 fine, a minimum of three years of supervised release and a $100 special assessment. As set forth in the presentence report ("PSR"), the defendant's total offense level is 23 and his imprisonment range is 70 to 87 months with a criminal history category IV.

**III. Discussion**

**A. Determining an Appropriate Sentence Post-Booker**

Although the Sentencing Guidelines are no longer mandatory, they must be considered by the Court along with the other factors listed in 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 260-61 (2005); *United States v.*

*Crosby*, 397 F.3d 103, 110 (2d Cir. 2005); *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007)("district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process"). Ultimately, a district court's sentence is reviewed for reasonableness. *Booker*, 543 U.S. at 260-61; *Crosby*, 397 F.3d at 114-15. Reasonableness is a flexible concept and district courts are given latitude in their exercise of discretion to fashion an appropriate sentence, even a non-Guidelines sentence. *See United States v. Jones*, 460 F.3d 191 (2d Cir. 2006).

The Second Circuit has instructed district judges to consider the Guidelines "faithfully" when sentencing. *Crosby*, 397 F.3d at 114. The fact that the Sentencing Guidelines are no longer mandatory does not reduce them to "a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge." *Crosby*, 397 F.3d at 113. Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 552 U.S. at 46, district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49; *Kimbrough v. United States*, 552 U.S. 85, 107 (2007). The Second Circuit has "recognize[d] that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006); *see also Kimbrough*, 552 U.S. at 89 ("We have accordingly recognized that, in the ordinary case, the

Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'") (*quoting Rita v. United States*, 551 U.S. 338, 350 (2007)).

In this case, the sentence should reflect the considered judgment of the Sentencing Commission, "an expert agency whose statutory charge mirrors the § 3553(a) factors that the district courts are required to consider," *United States v. Rattoballi*, 452 F.3d 127, 133 (2d Cir. 2006), and is "based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 552 U.S. at 46.

### C. The Section 3553 Factors

Under 18 U.S.C. § 3553(a), the sentencing "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The statute then provides that "[t]he court, in determining the particular sentence to be imposed, shall consider:"

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

  **(D)**   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

 **(3)**   the kinds of sentences available;

 **(4)**   the kinds of sentence and the sentencing range established [in the Sentencing Guidelines];

 **(5)**   any pertinent policy statement [issued by the Sentencing Commission];

 **(6)**   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

 **(7)**   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

  The defendant's criminal conduct in this matter is serious, which weighed in view of the factors set forth in § 3553(a), support a substantial sentence of imprisonment within the applicable guidelines range. *See* 18 U.S.C. § 3553(a)(4) (Court shall consider the sentence applicable under the Guidelines). As explained below, the § 3553(a) factors justify a substantial sentence of imprisonment within the applicable guidelines range.

  1. <u>The Nature and Circumstances of the Offense</u>

  By distributing narcotics, the defendant committed a very serious offense—one that resulted in the death of a 45-year old woman. In addition, despite what defense counsel may characterize as low-level drug dealing, Saunders was dealing heroin to a customer base over a prolonged period of time while on state probation

for the identical conduct. This includes numerous controlled purchases by law enforcement. Moreover, the quantity of heroin he distributed is significant. The Court is well aware of the dangers involving the distribution of narcotics and the fact that the defendant has previous state convictions for the same conduct only compounds those dangers. Thus, the nature and circumstances surrounding this offense are extremely serious.

2. <u>The Defendant's History and Characteristics</u>

As the PSR states, the defendant appears to have had a difficult time during his childhood due to the lack of a stable family home. The defendant also appears to have a substance and alcohol abuse history. The PSR sadly, however, does not distinguish the defendant from many other individuals within the criminal justice system.

3. <u>The Sentence Must Promote Respect for the Law</u>

The sentence in this case must reflect the seriousness of the offense, promote public respect for the law, and demonstrate that as a society we treat very seriously crimes involving the distribution of narcotics. Here, the defendant sold drugs despite his lengthy criminal record and despite the fact that he was on state probation for the same conduct. In this instance, the sentence should promote respect for the law and provide just punishment for a crime that impacts and jeopardizes the safety of all law-abiding citizens. Though the arrest and prosecution of heroin dealers like Saunders will most certainly not have an immediate impact that stems the tide of these tragic overdose deaths, the federal

incarceration of those who distribute heroin can send a powerful message. A significant sentence here will have an effect.

    4. **Protect The Public From the Defendant and Deterrence**

In addition, specific and general deterrence counsel in favor of a substantial sentence of imprisonment within the applicable guidelines range. First, the defendant has two previous state convictions for possession with intent to distribute narcotics, and his prior terms of incarceration for this identical conduct have not dissuaded him from continuing to engage in drug trafficking. In short, the defendant does not appear to have learned from his prior involvement with the state criminal justice system.

Moreover, a substantial sentence of imprisonment will serve to dissuade others who may choose to place their own financial needs ahead of the community and that of public safety by engaging in drug dealing. A sentence that does not include a significant period of imprisonment sends the wrong message. As such, the sentence in this case should deter like-minded individuals and send a strong message that such criminal activity and flagrant disregard of the law will not be tolerated by this Court. *See* 18 U.S.C. § 3553(a)(2)(B).

**V.    CONCLUSION**

The Government respectfully requests that the Court impose a sentence of imprisonment within the applicable guidelines range.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/ Douglas P. Morabito*

DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. CT20962
157 Church Street; 23rd Floor
New Haven, Connecticut 06510
(203) 821-3810
Douglas.morabito@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 4, 2019 a copy of the foregoing Government's Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Douglas P. Morabito*

DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar Number: CT20962
157 Church Street, 23rd Floor
New Haven, CT 06510
(203) 821-3700